## TOWNSEND a. NEWELL.

*Supreme Court, First District; At Chambers, May,* 1862.

JUDGMENT AGAINST JOINT-DEBTORS.—FORM OF SUMMONS TO SHOW
CAUSE.

The summons, provided by section 375 of the Code, requiring one or more joint
defendants not originally served with process, to show cause why they should
not be bound by the judgment, should merely require such defendants to show
cause within twenty days after its service. But specifying a time and place does
not vitiate.

Summons to show cause why two joint-debtors, against
whom judgment had been entered, should not be bound by the
judgment.

This action was brought in 1852, by Henry D. Townsend
against Lindley Murray, Jr., and Stewart Newell, surviving
partners of the firm of William Tyack & Co., upon an accept-
ance. The summons and complaint were served only upon
Murray, Newell being at that time a non-resident. Judgment
had been entered in form against both defendants in 1856. In
1862 plaintiff served upon defendant Newell an affidavit setting
forth the facts, and a summons as follows:

(TITLE OF THE CASE.)

To the defendant Stewart Newell: On the annexed affidavit,
you are hereby summoned and required to show cause before
one of the justices of the Supreme Court, at a special term
thereof, to be held at the city hall, in the city of New York,
at chambers, on the 17th day of February, at twelve o'clock,
why you should not be bound by the judgment obtained in
the above-entitled action against Lindley Murray, Jr., your co-
defendant and joint-debtor, on the draft upon which suit was
brought. Judgment entered in the above-named court for
$1260.03; entered February 25, 1856, which remains unpaid,
and for such other and further order as to the court shall seem
meet.

(DATE AND SIGNATURE.)

The summons and affidavit were served more than twenty days before the return-day mentioned in the summons, and the plaintiff now moved for an order that the defendant Newell be bound by the judgment, &c.

*Henry D. Townsend,* plaintiff, in person.

*Carpentier & Beach,* for defendant.—This is a special proceeding given by the statute in derogation of the common law, and plaintiff must comply with the statute strictly. His summons should have required the defendant to show cause in twenty days, not in court on a subsequent day

INGRAHAM, P. J.—The summons that was served in this case is sufficient, and contains all that the statute allows. The 375th section directs that the defendant shall be summoned to show cause why he should not be bound by the judgment, in the same manner as if he had been originally summoned; and the 377th section provides that the summons should require the person to show cause within twenty days after the service of the summons.

The 378th section directs that the summons should be accompanied with an affidavit specifying the amount due, &c.

There is no difficulty in understanding from these sections what is required.

This summons does not require an answer to the complaint. For the purpose of the action, the claim is considered as established against the firm, but the defendant summoned is allowed by section 379 to set up any defence which he might have originally made to the action, except the Statute of Limitations.

The only fault with the notice served is, that it fixes a time and place for showing cause. This was not intended. The summons should merely require the defendant to show cause within twenty days after service of the summons.

If within that time the defendant answers, the case then goes on to issue and trial, like any other action.

If he does not answer, the plaintiff, in this as in the original action, may apply to the court on an *ex-parte* application, at any time after the twenty days, for the relief he is entitled to, —viz., an order that the defendant be bound by the judgment.

It has been held that this proceeding is not an action, and these views, as well as the other proceedings, are fully described in Mills a. Thursby (2 *Abbotts' Pr.*, 432).

In Harper a. Bangs *et al.* (18 *How. Pr.*, 457), it was held to be sufficient to state in the summons what is required in these sections.

I see no difficulty on this summons, with proof of service and proof that no answer or demurrer has been received, in giving to the plaintiff an order that the defendant served should be bound by the judgment.